**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wynetta Taylor, | No.  CV-24-03653-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Alaska Airlines Incorporated, | |
| Defendant. | |

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 59) and Plaintiff's subsequently filed Motion for Leave to Amend Complaint (Doc. 65) with a proposed Third Amended Complaint (or "TAC") attached (Doc. 65-2).  Wynetta Taylor ("Plaintiff" and/or "Taylor") is a self-represented, non-incarcerated litigant.  Plaintiff and Defendant Alaska Airlines Incorporated ("Defendant") are the only parties to this matter.  In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have a United States Magistrate Judge conduct all further proceedings in this case with direct review by the Ninth Circuit Court of Appeals if an appeal is filed (Docs. 9, 39, 40).

In the pending Motion to Dismiss Plaintiff's Second Amended Complaint, Defendant requests dismissal with prejudice of this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim for which relief can be granted (Doc. 59).  The Court provided

1   Plaintiff the required notice of response warning (Doc. 61).  Plaintiff responded in
2   opposition to Defendant's motion (Doc. 64), and Defendant replied (Doc. 67).  Defendant's
3   motion to dismiss (Doc. 59) is ripe for decision.

4       In the pending Motion for Leave to Amend Complaint, Plaintiff requests leave to
5   amend her Second Amended Complaint (Doc. 65).  Defendant responded in opposition
6   (Doc. 66).  Plaintiff has not filed a reply in support of her Motion for Leave to Amend
7   Complaint and the time to do so has expired.  Plaintiff's Motion for Leave to Amend
8   Complaint (Doc. 65) is ripe for decision.

9       Upon careful review of the record in this matter and applicable law, the Court will
10  grant in part as set forth herein Defendant's Motion to Dismiss (Doc. 59) and will deny
11  Plaintiff's Motion for Leave to Amend Complaint (Doc. 65).

12  **II.     BACKGROUND AND PROCEDURAL POSTURE**

13      This is Plaintiff's second action against Defendant in this Court arising out of
14  Plaintiff's previous employment relationship with Defendant.

15      The first action by Plaintiff against Defendant was filed in Maricopa County
16  Superior Court on March 1, 2022, and removed to this Court by Defendant on June 6, 2022.
17  Notice of Removal at 1, *Taylor v. Alaska Airlines Inc.*, No. CV-22-00982-DWL (D. Ariz.
18  dismissed July 29, 2022) (Doc. 1).  In the Notice of Removal, Defendant asserted that the
19  action was removable under 28 U.S.C. § 1332(a) because "Plaintiff is a citizen and resident
20  of the State of Arizona," "Alaska's principal place of business is in Washington," and the
21  "amount in controversy is at least $300,000."  Notice of Removal at 2-3 ¶¶ 4-9, *Taylor*,
22  No. CV-22-00982-DWL (Doc. 1).  After Defendant moved to dismiss that action, Plaintiff
23  filed an amended complaint, mooting the motion to dismiss. Motion to Dismiss, *Taylor*,
24  No. CV-22-00982-DWL (Doc. 9); Amended Complaint, *Taylor*, No. CV-22-00982-DWL
25  (Doc. 17) (alleging violations of Title VII of the Civil Rights Act, the Americans with
26  Disabilities Act, and other violations of state and federal law); Order, *Taylor*, No. CV-22-
27  00982-DWL (Doc. 18).  Thereafter, Defendant moved to dismiss the amended complaint.
28  Motion to Dismiss, *Taylor*, No. CV-22-00982-DWL (Docs. 19, 20).  In July 2022 and

before decision on the second motion to dismiss, the parties stipulated to dismissal of the action; the Court dismissed the action without prejudice.  Stipulation at 1, *Taylor*, No. CV-22-00982-DWL (Doc. 21); Order at 1, *Taylor*, No. CV-22-00982-DWL (Doc. 22).

On December 20, 2024, Plaintiff again sued Defendant, filing a complaint in this Court ("Complaint") (Doc. 1) and applying to proceed *in forma pauperis* ("Application") (Doc. 2).  The Court granted Plaintiff's Application and conducted its initial screening of the Complaint (Doc. 10).  In doing so, the Court noted that "the statutory sections referenced by Plaintiff may not all apply" but nevertheless allowed the Complaint to proceed to service (*Id.* at 2).[1]

On January 3, 2025, Plaintiff filed a First Amended Complaint (Doc. 12). Defendant moved to dismiss the First Amended Complaint arguing that the Court lacked subject matter jurisdiction and that Plaintiff failed to state a claim for which relief can be granted (Doc. 28; *see also* Docs. 29, 30, 31).  Plaintiff was warned by the Court of the need for Plaintiff to timely respond to the motion (Doc. 32).  After the motion was fully briefed (*see* Docs. 51, 52, 53), the Court granted Defendant's motion in part finding that Plaintiff's First Amended Complaint failed to state a claim upon which relief may be granted and dismissing the First Amended Complaint with leave to amend (Doc. 54).  In the Order, the Court noted:

> Plaintiff's First Amended Complaint "cites to a litany of state and federal statutes," includes statutes that do not provide a private right of action, is deficient as to factual allegations, and fails to link factual allegations to particular claims (Docs. 28, 53). While Defendant makes germane points in its motion to dismiss and supporting documents as well as in its reply in support thereof, the Court is not convinced that Plaintiff should be denied an opportunity at this stage in this lawsuit to file a legally compliant amended complaint. Indeed, Plaintiff's response demonstrates that Plaintiff is capable of setting forth legal claims and asserted bases therefor even though she has not done so in her First Amended Complaint (Doc. 12). Moreover, decision on the merits is premature. Therefore, the Court will grant Plaintiff an

---

[1] The screening does not preclude consideration of a later filed motion to dismiss.  *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (finding a district court may properly grant a motion to dismiss despite a prior screening order allowing a complaint to proceed to service).

opportunity to cure deficiencies in of her First Amended Complaint, including setting forth specific factual bases for claim Plaintiff pursues in her Second Amended Complaint. Defendant's motion to dismiss and reply put Plaintiff on notice regarding numerous deficiencies of Plaintiff's First Amended Complaint.

(Doc. 54 at 4 (footnotes omitted)).  The Court further instructed Plaintiff that:

[E]ach allegation in the Second Amended Complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff is also reminded that Fed. R. Civ. P. 8(a) provides:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Doc. 54 at 5-6).  The Court then gave Plaintiff the following warning:

Plaintiff is warned to be specific about the legal and factual basis for each claim, is warned not to include claims over which this Court has no jurisdiction, and is warned to only include factual assertions relevant to claims Plaintiff is specifically raising in the Second Amended Complaint.

Noteworthy is that any cause of action that was raised in a previous complaint is waived if it is not alleged in the Second Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Further, resources for pro se litigants and other litigants are available free of charge on this Court's website (including free access to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this Court's Local Rules of Civil Procedure): https://www.azd.uscourts.gov

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

(Doc. 54 at 6).[2]

---

[2] When a court dismisses the complaint of a pro se litigant with leave to amend or is inclined to do so, the "court must provide the litigant with notice of the deficiencies in his complaint

- 4 -

Plaintiff timely filed a Second Amended Complaint (or "SAC") (Doc. 55).  After an extension of time (Docs. 57, 58), Defendant moved to dismiss the Second Amended Complaint arguing that the Court lacked subject matter jurisdiction and that Plaintiff failed to state a claim for which relief can be granted (Doc. 59).  Defendant attached a declaration by Hoorya Ahmed, Defendant's counsel, as an exhibit in support of its motion to dismiss ("Ahmed Declaration") which provided and authenticated Plaintiff's 2024 charge filed the EEOC and Plaintiff's 2024 complaint with the Industrial Commission of Arizona, Labor Division (Doc. 60).  In the motion to dismiss, Defendant requests dismissal of the Second Amended Complaint with prejudice and without leave to amend (Doc. 59).  Defendant argues that amendment would be futile (*Id.* at 14-15).  After an extension of time (Docs. 62, 63), Plaintiff responded in opposition ("Response") (Doc. 64) and attached several exhibits in support: a declaration by Plaintiff Wynetta Taylor ("Taylor Declaration") (Doc. 64-1); a declaration by Kennedy Rodgers ("Rodgers Declaration") (Doc. 64-2); provisions of the governing Alaska Airlines collective bargaining agreement (Doc. 64-3 at 1-5); and various emails, messages, letters, and other documents regarding the alleged harassment and workplace discrimination (Doc. 64-3 at 6-110).  Thereafter, Defendant replied ("Reply") (Doc. 67).

At the time of her Response, Plaintiff also filed a separate Motion for Leave to Amend Complaint (Doc. 65), attaching a proposed Third Amended Complaint (Doc. 65-2).  Defendant responded in opposition, arguing that amendment is futile (Doc. 66); Defendant attached in support a declaration substantially similar to the Ahmad Declaration (Doc. 66-1).  Plaintiff has not filed a reply in support of her Motion for Leave to Amend Complaint and Plaintiff's time to do so has expired.

---

in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik*, 963 F.2d at 1261).  "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).  Such notice is required for it to be clear that the deficiencies of the complaint could not be cured by amendment. *Akhtar*, 698 F.3d at 1212.  A court should not, however, advise the litigant how to cure the defects; this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

III.    DISCUSSION

    A.  Legal Standards

        *1.  Dismissal Under Rule 12(b)(1)*

Unlike state courts, federal courts only have jurisdiction over certain cases, and the district court's limited jurisdiction for civil cases most often is invoked because the case presents either a question of federal law (federal question jurisdiction) or a significant controversy between citizens of different states (diversity jurisdiction).  *See* 28 U.S.C. §§ 1331, 1332.    The party asserting jurisdiction bears the burden of establishing jurisdiction.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  In addition, the Court has an independent obligation to determine whether it has subject-matter jurisdiction over a matter.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court.  *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807-12 (1986); *see also Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987).  For example, a complaint that alleges only a federal constitutional violation is insufficient; the Court's "limited jurisdiction cannot be invoked so simplistically."  *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992); *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) ("It is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" (quoting *Merrell Dow*, 478 U.S. at 808)).  "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'"  *Merrell Dow*, 478 U.S. at 817 (quoting 28 U.S.C. § 1331).  When there is federal question jurisdiction, the district court also has "supplemental jurisdiction over all other claims that

1    are so related to claims in the action within such original jurisdiction that they form part of

2    the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

3    § 1367.

4        Diversity jurisdiction requires complete diversity of citizenship, meaning, each

5    plaintiff must be diverse from each defendant. *Owen Equip. & Erection Co. v. Kroger*,

6    437 U.S. 365, 373 (1978). To establish a party's citizenship in a particular state, a party

7    must prove that the person is "domiciled" in that state. *Lew*, 797 F.2d at 749. A natural

8    person is domiciled in the location in which he or she has established a fixed habitation or

9    abode and has an intention to remain there permanently or indefinitely. *Owens v. Huntling*,

10   115 F.2d 160, 162 (9th Cir. 1940) (citations omitted). "[A] corporation shall be deemed to

11   be a citizen of every State . . . by which it has been incorporated and of the State . . . where

12   it has its principal place of business." *3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th

13   Cir. 2018) (quoting 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business

14   is known as its "nerve center" and is "typically . . . found at a corporation's headquarters."

15   *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010)). Additionally, diversity

16   jurisdiction requires the matter in controversy to exceed the sum or value of $75,000,

17   exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty*

18   *Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

19       Under Federal Rule of Civil Procedure 12(b)(1) a defendant may challenge the

20   plaintiff's jurisdictional allegations with a facial attack or a factual attack. *Leite v. Crane*

21   *Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). To raise a facial attack, the defendant accepts

22   the plaintiff's allegations as true but argues they "are insufficient on their face to invoke

23   federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

24   To raise a factual attack, the defendant "disputes the truth of the allegations that, by

25   themselves, would otherwise invoke federal jurisdiction." *Id.* Courts resolve a facial attack

26   by accepting "the plaintiff's allegations as true and drawing all reasonable inferences in the

27   plaintiff's favor" and then determining "whether the allegations are sufficient as a legal

28   matter to invoke the court's jurisdiction. *Leite*, 749 F.3d at 1121 (citing *Pride v. Correa*,

719 F.3d 1130, 1133 (9th Cir. 2013)).  When a factual attack is raised, the plaintiff must support her jurisdictional allegations with competent proof and "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citations omitted).  When adjudicating a factual challenge to the court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may consider evidence outside the pleadings, including affidavits submitted by the parties.  *See Safe Air*, 373 F.3d at 1039.

Where a Rule 12(b)(1) motion is brought alongside a Rule 12(b)(6) motion, it is appropriate for the Court to first address the jurisdictional issues under the former before analyzing the merits of the claim under the latter.  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("The jurisdictional question of standing precedes, and does not require, analysis of the merits." (citation omitted)).  If, upon analysis of the Rule 12(b)(1) motion, the Court concludes it lacks subject matter jurisdiction over the action, it need not address the merits issues raised under the Rule 12(b)(6) motion.  *See Toyota Landscaping Co. v. S. Cal. Dist. Council of Laborers*, 11 F.3d 114, 119 (9th Cir. 1993) (declining to address the merits because the appellant lacked standing).  A Court lacking subject matter jurisdiction must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

### 2. *Dismissal Under Rule 12(b)(6)*

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim can be based upon either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Further, the Court should construe pro se filings "liberally" and afford

1  the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

2  2012) (quoting *Hebbe v. Pliler*, 627 F. 3d 338, 342 (9th Cir. 2010)).

3        A pleading must contain a "short and plain statement of the claim showing that the

4  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple,

5  concise, and direct." Fed. R. Civ. P. 8(d)(1).  Although Rule 8 does not demand detailed

6  factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-

7  harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

8  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9  statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  In determining whether

10  a plaintiff fails to state a claim, the Court assumes that all factual allegations in the

11  complaint are true. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

12  1995).  In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged

13  in the complaint are presumed true, and the pleadings are construed in the light most

14  favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d

15  1076, 1080 (9th Cir. 2012) (citing *Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028,

16  1029–30 (9th Cir. 2009)).  However, "the tenet that a court must accept as true all of the

17  allegations contained in a complaint is inapplicable to legal conclusions . . . [and] mere

18  conclusory statements . . . ." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

19  Thus, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,'

20  and reasonable inferences from that content, must be plausibly suggestive of a claim

21  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

22  2009) (quoting *Iqbal*, 556 U.S. at 678). Although pro se pleadings are liberally construed,

23  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not

24  support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268

25  (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply

26  essential elements of the claim that were not initially pled. *Id.*

27        When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(6), the Court

28  cannot consider matters outside of the pleadings without converting the motion into a

motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6), (d); *see also Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005). However, the Ninth Circuit has held courts may consider materials submitted with and attached to the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). A court "may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citations omitted). In addition, courts may take judicial notice of matters of public record, including "records and reports of administrative bodies." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Bond v. Wells Fargo Bank NA*, 782 F. Supp. 3d 743, 751 (D. Ariz. 2025) (taking judicial notice of EEOC charges in the context of a Rule 12(b)(6) motion to dismiss).

### 3. Dismissal & Leave to Amend

As a general matter, when a motion to dismiss is granted, the court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *see also Akhtar*, 698 F.3d at 1212 ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam))). Further, leave to amend need not be granted if, among other factors, the Court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous

amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Desertrain v. Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a pleading should be freely granted when justice so requires.

The proper factors in considering a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) are bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The Ninth Circuit and other circuits have held that prejudice to the opposing party carries the greatest weight in the analysis. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987); *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). While "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend," *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981), undue delay combined with other factors may warrant denial of leave to amend. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-89 (9th Cir. 1990) (holding that prejudice and undue delay are sufficient to deny leave to amend); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant." (citation omitted)). Further, futility of amendment is sufficient to justify denial of a motion for leave to amend. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). For example, a proposed amended complaint is futile if, accepting all of the facts alleged as true, it would be immediately "subject to dismissal" for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of

1    Civil Procedure.  *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

2    **B. Jurisdiction**

3       Where, as here, a Rule 12(b)(1) motion is brought alongside a Rule 12(b)(6) motion,

4 it is appropriate for the Court to first address the jurisdictional issues under the former

5 before analyzing the merits of the claim under the latter.  *See Centex Corp.*, 658 F.3d at

6 1068 ("The jurisdictional question of standing precedes, and does not require, analysis of

7 the merits." (citation omitted)).

8       Plaintiff asserts federal question jurisdiction as the basis for this Court's jurisdiction

9 in this matter, asserting "violations of Title VII of the Civil Rights Act of 1964" (Doc. 55

10 at 2-6).  *See also* Notice of Removal at 1-2, *Taylor*, No. CV-22-00982-DWL (Doc. 1)

11 (asserting federal question for removal "[a]lthough Plaintiff's Complaint does not identify

12 specific causes of action, it alleges that Alaska violated Title VII of the Civil Rights Act of

13 1964 ("Title VII"), Title 47 U.S. Code 223 and A.R.S. 13-2921").  Upon review, the

14 requirements for federal question jurisdiction in this matter are satisfied.  *See* 28 U.S.C.

15 § 1331; *see also* 28 U.S.C. § 1367.[3]

16       Moreover, the district court has jurisdiction over "all grounds apparent from the

17 complaint." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (per

18 curiam); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016).  Here,

19 Plaintiff's Second Amended Complaint pleads "Plaintiff, WYNETTA TAYLOR, is and at

20 all times mentioned herein was, an Arizona Employee and legal citizen in good standing"

21 and "Defendant, ALASKA AIRLINES INC. is a Seattle based airline" (Doc. 56 ¶¶ 1, 2).

22 Plaintiff has sufficiently pled that she is a citizen of Arizona.  Construing the Second

23 Amended Complaint liberally and affording Plaintiff the benefit of the doubt, *Watison*, 668

24 F.3d at 1112, Plaintiff has sufficiently pled that Defendant is headquartered in Seattle and

25 is therefore a citizen of Washington.  *See also* Notice of Removal at 2, *Taylor*, No. CV-22-

26 00982-DWL (Doc. 1) (stating that "Plaintiff is a citizen and resident of the State of

27

28   
---
[3] Further, the exhaustion requirement under Title VII is not jurisdictional but rather is a "mandatory claim-processing rule" that may be waived if not timely raised by the defendant.  *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548-52 (2019).

Arizona" and "Alaska is a citizen of Washington").  In the Second Amended Complaint Plaintiff requests an award of damages well in excess of the $75,000 threshold limit (Doc. 56 at 10).  Further, the Court gleans from the Second Amended Complaint (Doc. 56) and the record in this matter that the amount in controversy meets the threshold limit for diversity jurisdiction.  *See also* Notice of Removal at 2, *Taylor*, No. CV-22-00982-DWL (Doc. 1) (stating "[a]lthough Plaintiff's Complaint does not identify specific causes of action, it alleges that Alaska violated Title VII of the Civil Rights Act of 1964 ("Title VII"), Title 47 U.S. Code 223 and A.R.S. 13-2921" and "the amount in controversy exceeds $75,000").   Although "a district court may not establish diversity of citizenship purely by judicial notice" the Court need not rely on judicial notice alone to establish diversity of citizenship in this action.  *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174-75 (9th Cir. 2025).  The requirements for diversity jurisdiction in this matter are satisfied.  *See* 28 U.S.C. § 1332; 28 U.S.C. § 1653.

In sum, it is clear that this Court has subject matter jurisdiction over this matter, will deny Defendant's motion to dismiss insofar as it is based on Fed. R. Civ. P. 12(b)(1), and will proceed to address whether or not the SAC states a claim upon which relief may be granted or must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C. The Second Amended Complaint**

The Court need not and will not consider any of the materials submitted with the parties' briefing in assessing whether to grant or deny Defendant's motion to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6).  Moreover, the Court is not converting the motion to dismiss to a motion for summary judgment.

*1.  Breach of Contract Claim (Count 1)*

Defendant seeks dismissal of the SAC's breach of contract claim asserted under 42 U.S.C. § 1981 and A.R.S § 12-541; Defendant argues that the SAC cites an Arizona statute without provision for a private cause of action and that the SAC fails to plead discrimination on the basis of race (Doc. 59 at 5-6; Doc. 67 at 5-6).  Plaintiff insists that she has brought a legally valid breach of contract claim in the SAC because the scope of

1    42 U.S.C. § 1981 "is *not limited* to racial discrimination in the formation of a contract"

2    (Doc. 64 at 10-11).

3            Defendant is correct that A.R.S § 12-541 provides no private cause of action.

4    Rather, it states that an action for breach of an employment contract "shall be commenced

5    and prosecuted within one year after the cause of action accrues . . . ."  A.R.S § 12-541.

6    The cited statute is a statute of limitations; Plaintiff has not and cannot plead a cognizable

7    legal theory on breach of contract under A.R.S § 12-541.

8            To succeed on a claim under 42 U.S.C. § 1981, a plaintiff must plead "that, but for

9    race, [the plaintiff] would not have suffered the loss of a legally protected right."  *Comcast*

10   *Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).  Here, Plaintiff

11   has not alleged any fact with respect to race, let alone that Plaintiff's race was the but-for

12   cause of her injury (*see* Doc. 55 at 3 ¶¶ 11-14; *see also id.* at 1 ¶¶ 4-10).  *See id.*  Indeed,

13   in her Response Plaintiff appears to concede such by stating that "[w]hile Race was not the

14   basis, [Defendant's] breach was still a violation of [§ 1981]" (Doc. 64 at 11).  Plaintiff has

15   not pled sufficient facts to support a cognizable claim under 42 U.S.C. § 1981.

16   Accordingly, the SAC's breach of contract claim (Count 1) fails to state a claim upon which

17   relief may be granted.

18                   *2.  Negligent Hiring Claim (Count 2)*

19           Defendant seeks dismissal of the SAC's negligent hiring claim asserted under 42

20   U.S.C. § 2000e-2; Defendant argues that the claim is not legally cognizable (Doc. 59 at 6;

21   Doc. 67 at 6-7).  Plaintiff responds that "Standard of Care law requires employers to

22   exercise reasonable care in hiring practices" and Defendant is liable because it "used a

23   particular employment practice that caused a disparate impact" (Doc. 64 at 11-12).

24           To survive a motion to dismiss, a plaintiff must plead under 42 U.S.C. § 2000e-2

25   that she is a member of a protected class.  *See* 42 U.S.C. § 2000e-2(a) (prohibiting

26   discrimination on the basis of race, color, religion, sex, or national origin).  Plaintiff has

27   not plead any facts with respect to her race, color, religion, or sex nor has Plaintiff pled that

28   she was injured because of her membership in a protected class (*see* Doc. 55 at 4 ¶¶ 15-17;

*see also id.* at 1 ¶¶ 4-10).  *See Equal Emp. Opportunity Comm'n v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772-73 (2015) (describing the causation standard under 42 U.S.C. § 2000e-2).  Plaintiff has not pled sufficient facts to support a cognizable claim under 42 U.S.C. § 2000e-2.

Further, to the extent that Plaintiff argues negligent hiring under Arizona law, Defendant is correct that Arizona does not recognize a common law negligent hiring cause of action brought by an employee against an employer.  *See Irvin Invs., Inc. v. Super. Ct.*, 166 Ariz. 113, 114-16 800 P.2d 979, 980-82 (Ct. App. 1990) (directing entry of summary judgment in the employer's favor regarding the employee's negligent hiring, retention, and supervision claim because the claim was covered by Arizona's workers' compensation statute).

Accordingly, the SAC's negligent hiring claim (Count 2) fails to state a claim upon which relief may be granted.

### 3. Privacy Violation Claim (Count 3)

Defendant seeks dismissal of the SAC's privacy violation claim asserted under 15 U.S.C. § 6821 and A.R.S. § 41-1929; Defendant argues that the claim is not legally cognizable (Doc. 59 at 7).  In response, Plaintiff states that "[c]ounts (3) Privacy Violations and (10) Corporate Gas-lighting, will not be addressed.  I apologize for my misapplication of the law and ask the court to deem these claims abandoned" (Doc. 64 at 15).

Plaintiff is correct to abandon the attempt at this claim in the SAC.  Plaintiff has not pled that Defendant is a financial institution subject to 15 U.S.C. § 6821.  In any event, the statute does not provide for a private right of action.  *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (9th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA." (citations omitted)).  Moreover, Plaintiff cites to nonexistent Arizona statute for a purported state law claim.

Accordingly, the SAC's privacy violation claim (Count 3) fails to state a claim upon which relief may be granted.

1    *4. Workplace Stalking Claim (Count 4)*

2        Defendant seeks dismissal of the SAC's workplace stalking claim asserted under 18

3    U.S.C. § 2261A and A.R.S. § 13-2923; Defendant argues that neither statute provides for

4    a private cause of action (Doc. 59 at 7; Doc. 67 at 7).  Plaintiff concedes that "the Stalking

5    claim was pled under the incorrect statute" and instead argues in her Response that "Title

6    VI and Title IX [provide] a private right of action [that] allows individuals to sue for

7    violations of their rights, including stalking" (Doc. 64 at 12)

8        Defendant is correct that Plaintiff cites to criminal statutes which create no private

9    cause of action for civil liability.  *See Cort v. Ash*, 422 U.S. 66, 80 (1975) (concluding that

10   no civil cause of action exists upon "nothing more than a bare criminal statute, with

11   absolutely no indication that civil enforcement of any kind was available to anyone").

12   Further, Plaintiff's vague reference to Title VI and Title IX in her Response and Plaintiff's

13   corresponding conclusory allegations of stalking do not amount to a claim showing that

14   Plaintiff is entitled to relief.

15       Accordingly, the SAC's workplace stalking claim (Count 4) fails to state a claim

16   upon which relief may be granted.

17       *5. Workplace Harassment Claim (Count 5)*

18       Defendant seeks dismissal of the SAC's workplace harassment claim asserted under

19   42 U.S.C. § 2000e-2 and A.R.S. § 13-2921; Defendant argues that A.R.S. § 13-2921 does

20   not provide for a private right of action, Plaintiff failed to exhaust administrative remedies,

21   and Plaintiff failed to plead a factually sufficient or legally cognizable claim (Doc. 59 at 8-

22   9; Doc. 67 at 7-8).  Plaintiff insists that she "exhausted [her] administrative remedies and

23   therefore ha[s] a legal right to assert a Title VII Harassment claim" (Doc. 64 at 13).

24       Defendant correctly points out that the criminal harassment statute A.R.S. § 13-

25   2921 provides no private right of action for civil liability.  *See Cort*, 422 U.S. at 80.

26       To state a claim under 42 U.S.C. § 2000e-2, "a plaintiff must show: (1) that he was

27   subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct

28   was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the

conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citing *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998)).  However, the SAC simply states that Plaintiff received "daily harassing phone calls" which were "planned skits of direct discrimination" and alleges that "[m]anagement engaged in gas lighting while concealing [Plaintiff's] cyber stalking and harassing prank calls" (Doc. 55 at 5 ¶¶ 24-26).  The SAC does not allege that the harassment was racial or sexual in nature nor does it allege that the conduct was sufficiently severe or perverse to create an abuse work environment (*Id.*).

Accordingly, the SAC's workplace harassment claim (Count 5) fails to state a claim upon which relief may be granted.

### 6. *Discrimination Claim (Count 6)*

Defendant seeks dismissal of the SAC's discrimination claim asserted under 42 U.S.C. § 12112, "42 U.S.C. 12-2-3," 31 U.S.C. § 6711, and A.R.S. § 41-1463 arguing that Plaintiff failed to plead membership in a protected class or having a disability, Plaintiff failed to exhaust administrative remedies, and Plaintiff alleges only legal conclusions (Doc. 59 at 9-10).  In response Plaintiff argues that she was a member of a protected class as one who "opposed unlawful behavior in the workplace" (Doc. 64 at 13-14).

Defendant correctly points out that "42 U.S.C. 12-2-3," as cited in the SAC, does not exist and therefore cannot provide the basis for a legally cognizable claim.  Moreover, 31 U.S.C. § 6711 cannot provide the basis for a claim because the statute applies to local governments, not to private parties like Defendant.

"[A]n ADA discrimination plaintiff bringing a claim under 42 U.S.C. § 12112 must show that the adverse employment action would not have occurred but for the disability." *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019).  To prevail on a discrimination claim under A.R.S. § 41-1463(B), a plaintiff must show that the discrimination occurred "because of the individual's race, color, religion, sex, age or national origin or on the basis of disability."  However, in the Second Amended Complaint, Plaintiff fails to allege any disability or membership in a protected class (Doc. 55 at 6 ¶¶ 27-

1   29; *see also id.* at 1 ¶¶ 4-10).  Further, opposition to unlawful behavior in the workplace is
2   not a protected class under A.R.S. § 41-1463(B).
3       Accordingly, the SAC's discrimination claim (Count 6) fails to state a claim upon
4   which relief may be granted.
5           *7.  Wrongful Termination Claim (Count 7)*
6       Defendant seeks dismissal of the SAC's wrongful termination claim asserted under
7   42 U.S.C. § 2000e-2, 29 U.S.C. § 218c, A.R.S. § 23-1501, A.R.S. § 12-541, and A.R.S.
8   § 23-374; Defendant argues that several cited statutes do not apply, and the SAC's claim
9   is otherwise not legally cognizable (Doc. 59 at 10-11; Doc. 67 at 8-9).  Plaintiff argues that
10  her wrongful termination claim has been sufficiently pled because her termination violated
11  employment laws, contractual agreements, and public policy (Doc. 64 at 14).
12      Defendant correctly notes that 29 U.S.C. § 218c, A.R.S. § 23-374, and A.R.S. § 12-
13  541 are inapposite because Plaintiff's claim does not relate to tax credits for a qualified
14  health plan or paid sick time and the statute of limitations set forth in A.R.S. § 12-541 does
15  not provide for a private right of action.  Further, as set forth above, a plaintiff must plead
16  under 42 U.S.C. § 2000e-2 that she is a member of a protected class.  *See supra* section
17  III(C)(2).  Plaintiff has not pled any facts with respect membership in a protected class nor
18  has she pled that her injury was because of her membership in a protected class (*see* Doc.
19  55 at 6 ¶¶ 30-32; *see also id.* at 1 ¶¶ 4-10).
20      Under A.R.S. § 23-1501, a plaintiff can show wrongful termination if "(a) the
21  discharge was in violation of an employment contract, (b) the discharge violated a statute
22  of this state, or (c) the discharge was in retaliation for the employee's assertion of certain
23  rights protected by state law."  *Cronin v. Sheldon*, 195 Ariz. 531, 535, 991 P.2d 231, 235
24  (1999).  Plaintiff alleges no facts with respect to which contract provision was violated,
25  which statute was violated, or how the termination was in retaliation for Plaintiff's
26  assertion of a protected right (*see* Doc. 55 at 6 ¶¶ 30-32; *see also id.* at 1 ¶¶ 4-10).  Plaintiff
27  otherwise alleges only legal conclusions stating that "Defendant wrongfully terminated
28  [Plaintiff's] employment," Defendant "ignore[ed] fair due process," and "Defendant took

1  an unlawful adverse action" (Doc. 55 at 6 ¶¶ 30-32).

2       Accordingly, the SAC's wrongful termination claim (Count 7) fails to state a claim

3  upon which relief may be granted.

4            *8.  Retaliation Claim (Count 8)*

5       Defendant seeks dismissal of the SAC's retaliation claim asserted under 29 U.S.C.

6  § 218c, A.R.S. § 23-1501, A.R.S. § 12-541, and A.R.S. § 23-374; Defendant argues that

7  several cited statutes do not apply, and the SAC's allegations are otherwise insufficient to

8  assert a plausible claim (Doc. 59 at 12; Doc. 67 at 10).

9       As discussed above, *see supra* section III(C)(7), 29 U.S.C. § 218c, A.R.S. § 23-374,

10  and A.R.S. § 12-541 cannot provide a legally cognizable basis for a retaliation claim.

11  Plaintiff also has failed to plead sufficient facts to support a retaliation claim under A.R.S.

12  § 23-1501.  The SAC alleges that Plaintiff was "punished and fired" for "exercising my

13  right to file complaints about workplace discrimination and harassment," vaguely

14  references the Family and Medical Leave Act, and asserts that Defendant violated federal

15  and state laws with no factual support (*see* Doc. 55 at 7 ¶¶ 33-35).

16       Accordingly, the SAC's retaliation claim (Count 8) fails to state a claim upon which

17  relief may be granted.

18            *9.  Plaintiff's Wage Theft Claim (Count 9)*

19       Defendant seeks dismissal of the SAC's wage theft claim asserted under A.R.S.

20  § 23-255; Defendant argues that there is no such statute and, to the extent that the SAC

21  seeks review of the dismissal of Plaintiff's wage complaint by the Labor Department of the

22  Industrial Commission of Arizona ("Labor Department"), Plaintiff's appeal is untimely

23  (Doc. 59 at 13; Doc. 67 at 10).  Plaintiff responds that she was terminated before receiving

24  a bonus payment that she had earned (Doc. 64 at 15-16).

25       Defendant correctly points out that Plaintiff cites a nonexistent statute, A.R.S. § 23-

26  255, as the basis for her wage theft claim.  To the extent that Plaintiff challenges the

27  dismissal of her wage complaint before the Labor Department (*see* Doc. 60 at 13-15),

28  review of the Labor Department's determination is not properly sought before this Court.

1    *See* A.R.S. § 23-358 ("A party aggrieved by a determination under § 23-357 may seek

2    review pursuant to title 12, chapter 7, article 6.").

3        Accordingly, the SAC's wage theft claim (Count 9) fails to state a claim upon which

4    relief may be granted.

5              10. *Corporate Gas Lighting Claim (Count 10)*

6        Defendant seeks dismissal of the SAC's corporate gas lighting claim asserted under

7    18 U.S.C. § 2340; Defendant argues that there is no legally cognizable basis for this claim

8    (Doc. 59 at 13; Doc. 67 at 10).   In response, Plaintiff states that "[c]ounts (3) Privacy

9    Violations and (10) Corporate Gas-lighting, will not be addressed.  I apologize for my

10   misapplication of the law and ask the court to deem these claims abandoned" (Doc. 64 at

11   15).

12       Plaintiff is correct to abandon the attempt at this claim in the SAC.  The statute cited

13   in the SAC defines the crime of torture and as discussed in section III(C)(4), *supra*, a

14   criminal statute without providing for civil enforcement does not create a private right of

15   action.

16       Accordingly, the SAC's gas lighting claim (Count 10) fails to state a claim upon

17   which relief may be granted.

18             11. *Domestic Terrorism Claim (Count 11)*

19       Defendant seeks dismissal of the SAC's domestic terrorism claim asserted under 18

20   U.S.C. § 2331; Defendant argues that the statute provides for no private cause of action

21   (Doc. 59 at 13; Doc. 67 at 10).  Plaintiff insists that Defendant aided domestic terrorism by

22   failing to protect Plaintiff from stalking and workplace violence (Doc. 64 at 16-17).

23       The statute plaintiff cites defines the crime of domestic terrorism and as discussed

24   in section III(C)(4), *supra*, a criminal statute without providing for civil enforcement does

25   not create a private right of action.

26       Accordingly, the SAC's domestic terrorism claim (Count 11) fails to state a claim

27   upon which relief may be granted.

28

1

*12. Intentional Infliction of Emotional Distress Claim (Count 12)*

Defendant seeks dismissal of the SAC's intentional infliction of emotion distress ("IIED") claim asserted under 42 U.S.C. § 12203, 42 U.S.C. § 1985, 14 U.S.C. § 2261, A.R.S. § 13-2921, A.R.S. § 23-1501, and 29 U.S.C. § 218c arguing that no cited statute provides for a claim of IIED and the SAC pleads no facts to support a plausible claim (Doc. 59 at 13-14; Doc. 67 at 11). Plaintiff responds that she has sufficiently pled the factual basis for each element of an IIED claim (Doc. 64 at 16).

As discussed in section III(C)(7), *supra*, A.R.S. § 23-1501 and 29 U.S.C. § 218c cannot provide a legally cognizable basis for an IIED claim. Moreover, Plaintiff cannot set forth a legally cognizable claim under A.R.S. § 13-2921. *See supra* section III(C)(4). Further, there exists no Section 2261 in Title 14 of the United States Code, but to the extent that Plaintiff intended to cite 18 U.S.C. § 2261, which defines the crime of interstate domestic violence, the statute creates no private right of action. *See supra* section III(C)(4). Additionally, 42 U.S.C. § 12203 and 42 U.S.C. § 1985 do not provide for an IIED cause of action.

To the extent that Plaintiff alleges that Defendant is liable for the intentional tort of IIED, the Court agrees with Defendant:

> To state a claim for IIED under Arizona law, a Plaintiff must allege: (1) the defendant engaged in "extreme" and "outrageous" conduct; (2) the defendant "either intended to cause emotional distress or recklessly disregarded the near certainty that such distress [would] result from [its] conduct"; and (3) the plaintiff experienced "severe emotional distress" due to the defendant's conduct. *Citizen Publg. Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005). Plaintiff does not allege sufficient facts for any of the three required elements and instead merely asserts broad conclusory allegations in ¶¶ 44-45 of the SAC.

(Doc. 59 at 14).

Accordingly, the SAC's IIED claim (Count 12) fails to state a claim upon which relief may be granted.

**D. Leave to Amend Upon Dismissal of Second Amended Complaint and Plaintiff's Motion for Leave to Amend Complaint (Doc. 65).**

The SAC is Plaintiff's third complaint in this matter; this matter is Plaintiff's second lawsuit against Defendant. In the previous removed lawsuit to this Court, Plaintiff filed an amended complaint upon Defendant filing a motion to dismiss with similar bases as the pending motion to dismiss in this matter. Motion to Dismiss, *Taylor*, No. CV-22-00982-DWL (Doc. 9); Amended Complaint, *Taylor*, No. CV-22-00982-DWL (Doc. 17). Thus, the proposed Third Amended Complaint is Plaintiff's sixth attempt at a complaint against Defendant arising from Plaintiff's previous employment relationship with Defendant.

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff does not merit leave to amend at this stage. Leave to amend need not be granted where there exist circumstances "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

In the Screening Order allowing the Complaint to proceed to service, the Court noted that "the statutory sections referenced by Plaintiff may not all apply" (Doc. 10 at 2). In the Order dismissing Plaintiff's First Amended Complaint, the Court explained that "Plaintiff's First Amended Complaint 'cites to a litany of state and federal statutes,' includes statutes that do not provide a private right of action, is deficient as to factual allegations, and fails to link factual allegations to particular claims" (Doc. 54 at 4 (footnote omitted)). The Court further explained that "Defendant's motion to dismiss and reply put Plaintiff on notice regarding numerous deficiencies of Plaintiff's First Amended Complaint" (*Id.*). Regarding a Second Amended Complaint, the Court instructed Plaintiff "to be specific about the legal and factual basis for each claim" and warned Plaintiff "not to include claims over which this Court has no jurisdiction" (*Id.* at 6). The Court directed Plaintiff to access the Court's website for free resources for pro se litigants including free access to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and this

1    Court's Local Rules of Civil Procedure (*Id.*).

2         Despite the Court's warning to Plaintiff regarding the numerous deficiencies of the

3    First Amended Complaint, the Second Amended Complaint fails to state a claim for the

4    same reasons.  The SAC again cites to a litany of state and federal statutes (some of which

5    do not exist), cites statutes that do not provide a private right of action, is deficient as to

6    factual allegations, and fails to link factual allegations to particular claims.  *See supra*

7    section III(C)(1)-(12).    Plaintiff's Second Amended Complaint and proposed Third

8    Amended Complaint fail to cure deficiencies as noted by the Court and more fully

9    discussed in Defendant's filings.  It is absolutely clear to the Court that the SAC's

10   deficiencies cannot be cured by Plaintiff through additional amendment.  To allow further

11   amendment after Plaintiff's multiple failed attempts would be futile in addition to being

12   prejudicial to Defendant.

13        Plaintiff has had sufficient opportunity leading up to the Second Amended

14   Complaint to file a complaint that complies with the pleading standards and applicable law

15   for stating a claim if she could do so.  Plaintiff has been provided clear instructions, has

16   attempted multiple tries, and has been granted a more than sufficient period of time to do

17   so.    Nevertheless, Plaintiff's proposed Third Amended Complaint (Doc. 65-2) again

18   contains the same deficiencies as discussed herein.  The Third Amended Complaint cites

19   to a litany of state and federal statutes (some of which do not exist), cites statutes that do

20   not provide a private right of action, is deficient as to factual allegations, and recites the

21   elements of causes of action supported by mere conclusory statements (*Id.* at 3-8).  Further,

22   granting Plaintiff leave to file an additional amended complaint would be unduly

23   prejudicial to the Defendant given the procedural history and record.  Additionally, it is

24   noteworthy that Plaintiff has not followed LRCiv 15.1, an applicable procedural rule of

25   which she was expressly made aware (Doc. 54 at 4; *see also id.* at 4-5 note 3), in filing her

26   Motion to Amend Complaint (Doc. 65) seeking leave to file a Third Amended Complaint.

27        Accordingly, Plaintiff's Second Amended Complaint will be dismissed without

28   leave to amend and Plaintiff's Motion to Amend Complaint (Doc. 65) will be denied.

1

**IV.    CONCLUSION**

For the reasons described above, the Court concludes that it has jurisdiction over this matter and therefore will deny Defendant's Fed. R. Civ. P. 12(b)(1) motion.

Regarding Defendant's Fed. R. Civ. P. 12(b)(6) motion, the Court agrees with Defendant that "Plaintiff has had many months and ample opportunity to plead all facts in a legally-cognizable SAC.  Instead, she filed a deficient SAC and now continues to muddy responsive filings with indecipherable writings and attachments." (Doc. 67 at 3). Noteworthy is that Plaintiff is self-represented but not incarcerated; Plaintiff has resources available to her, including those which the Court set forth in its orders.  After warning and opportunity to file the Second Amended Complaint, the Court agrees with Defendant that "Plaintiff has again pleaded non-cognizable and factually implausible claims in the SAC" (Doc. 67 at 2).  The Court also agrees with Defendant that in Plaintiff's:

> SAC, her response to the Motion, and the TAC, she continues to plead claims that do not exist, that are preempted, and that do not contain a private right of action. She further continues to fail to plead elements of claims or facts in support of elements of those claims (e.g., nowhere does she set forth her protected class, legally-cognizable protected activity, or sufficient factual detail to put Alaska on notice as to what her claims are). As her response to the Motion and the proposed TAC plainly demonstrate, Plaintiff should be denied another opportunity to amend the SAC because doing so is futile.

(*Id.*).

In short, Plaintiff's Second Amended Complaint fails to state a legally cognizable claim upon which relief can be granted, and it is absolutely clear that amendment would be futile as demonstrated by Plaintiff's proposed Third Amended Complaint.  The Court will grant Defendant's Fed. R. Civ. P. 12(b)(6) motion and will dismiss Plaintiff's Second Amended Complaint.  The Court will dismiss the SAC without leave to amend, will deny Plaintiff's pending motion to amend, and will direct the Clerk of Court to terminate this matter.

Defendant urges the Court not to consider Plaintiff's proffered evidence as attachments to her response to the motion to dismiss but nevertheless requests dismissal of

the SAC with prejudice.  Dismissal with prejudice may amount to adjudication on the merits and/or claim preclusion regarding disputes between Plaintiff and Defendant arising from Plaintiff's prior employment relationship with Defendant.  Nevertheless, the Court has not converted the pending motion to dismiss into a motion for summary judgment and Defendant has not even requested that the Court do so.  In the present procedural posture, the Court will dismiss Plaintiff's Second Amended Complaint without leave to amend, but the Court will do so without prejudice rather than with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** granting in part as set forth herein Defendant's Motion to Dismiss (Doc. 59) without leave for Plaintiff to file any third amended complaint.

**IT IS FURTHER ORDERED** dismissing the Second Amended Complaint (Doc. 55) in its entirety without prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to Amend Complaint (Doc. 65).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter.

Dated this 4th day of December, 2025.

Honorable Deborah M. Fine
United States Magistrate Judge

- 25 -